UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
SEP 1 0 2007

UNITED STATES OF AMERICA                    :

    -v-                                                 :

KEITH QUAGLIARELLO,                         :

            Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**INDICTMENT**

**07 CRIM. 855**

## COUNTS ONE THROUGH THREE
(Wire Fraud)

The Grand Jury charges:

### Relevant Persons and Entities

1.    At all times relevant to this Indictment, Creative Properties Development Corp. ("Creative") operated out of various locations, including West 34th Street in New York, New York. Creative held itself out to be in the business of investing in various real estate projects around the United States.

2.    At all times relevant to this Indictment, KEITH QUAGLIARELLO, the defendant, was the President of Creative.

### The Fraudulent Scheme

3.    Beginning in or about February 2005, up to in or about March 2006, KEITH QUAGLIARELLO, the defendant, engaged in a scheme to offer fraudulent investments in various real estate projects. During the course of the scheme, QUAGLIARELLO contacted numerous potential investors (hereinafter "Victims") over the telephone and convinced them to invest through Creative in certain real estate development projects. Specifically,

1

QUAGLIARELLO falsely represented to the Victims that Creative was investing in certain condominiums and other projects that were either in pre-construction or under construction, and that the Victims would receive profits ranging up to 100 percent if they invested in those projects. During these calls, QUAGLIARELLO also identified specific addresses where the projects were located, including in New York and Florida. Based on QUAGLIARELLO's fraudulent representations, and at his direction, the Victims then sent funds to Creative and QUAGLIARELLO through a variety of means, including by wire transfer from Victim bank accounts located outside New York State to bank accounts located in New York, New York under QUAGLIARELLO's control.

4.     KEITH QUAGLIARELLO, the defendant, was the sole signatory on three bank accounts to which he directed the Victims to send the funds described above, including QUAGLIARELLO's personal bank account and two accounts that he caused to be opened in the name of Creative. Between in or about February 2005 and in or about March 2006, approximately $450,000 in funds provided by Victims were deposited into these accounts. None of the Victim's funds were used to invest in any of the projects in which QUAGLIARELLO represented to Victims the moneys would be invested or in any entities associated with those projects. Rather, most of the Victim funds were converted either for QUAGLIARELLO's personal use or to defray expenses necessary to keep the scheme ongoing. Specifically, the Victim's funds: a) were used by QUAGLIARELLO to pay bills at various establishments, including strip clubs, escort services, casinos, restaurants, sporting events, gas stations, and hotels; or b) were distributed directly to QUAGLIARELLO through ATM withdrawals, transfers to QUAGLIARELLO's personal account, and checks to cash. As of in or about March 2006, the

2

two Creative bank accounts under QUAGLIARELLO's control did not contain any funds and QUAGLIARELLO's personal account contained only approximately $114.

5.      None of the Victims has received either a return of their principal investment or any profits from either Creative or KEITH QUAGLIARELLO, the defendant. Moreover, QUAGLIARELLO stopped returning Victim phone calls and Creative's phone numbers stopped working.

## Statutory Allegations

6.      On or about the dates set forth below, in the Southern District of New York and elsewhere, KEITH QUAGLIARELLO, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, to wit, the scheme described above, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, namely wire transfers from Victims to bank accounts located in New York, New York under QUAGLIARELLO's control, as set forth below:

3

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|-------|------------------|---------------------|
| One | November 14, 2005 | Wire transfer of $25,000 from an account in North Carolina to the personal bank account of QUAGLIARELLO |
| Two | September 27, 2005 | Wire transfer of $7,485 from an account in North Carolina to a bank account of Creative |
| Three | January 23, 2006 | Wire transfer of $10,000 from an account in Iowa to a bank account of Creative |

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

7.      As a result of committing wire fraud as alleged in Counts One through

Three of this Indictment, in violation of Title 18, United States Code, Sections 1343 and 2,

KEITH QUAGLIARELLO, the defendant, shall forfeit to the United States, pursuant to Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any

and all property, real and personal, that constitutes or is derived from proceeds traceable to the

commission of the offenses, including but not limited to a sum of money equal to $450,000 in

United States currency, representing the amount of money fraudulently obtained as a result of the

wire fraud scheme alleged in this Indictment.

### Substitute Asset Provision

8.      If any of the forfeitable property, as a result of any act or omission of the

defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

4

       c.       has been placed beyond the jurisdiction of the Court;

       d.       has been substantially diminished in value; or

       e.       has been commingled with other property which cannot be

subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United

States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the

value of the above forfeitable property.

            (Title 18, United States Code, Sections 981(a)(1), 982(a)(8),
               and Title 28, United States Code, Section 2461).


FOREPERSON

MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

## UNITED STATES OF AMERICA

- v -

## KEITH QUAGLIARELLO,

**Defendant.**

---

## INDICTMENT

07 Cr.

18 U.S.C. §§ 1343 and 2

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*Thomas P. Eagen*
Foreperson

*Indictment filed, case assigned to Judge Chin*

*F. Maas, US MJ*

*RC 9/10/07*